{¶ 14} In borrowed terms, the appellant's conduct and the resulting sanction seem to be "much ado about nothing". From the isolated perspective of one who reviews only the record in this proceeding and not that of the entire course of events arising among the parties and the trial court, it appears both frustration and hope are at play here. Perhaps Lemley's taunt was the straw that finally broke the camel's back. And the court reacted with the hope that both parties would realize that continued boorish behavior has its consequences. Such a course of action may seem the only way to make emotional parties conduct themselves rationally. But the problem with the court's approach here is that it rewards Sonya's subjective trivialization of the court's efforts to promote Sonya's own peace and security. Will she next complain, "Mom, he's looking at me!"? Usually, when that happens, both children get, and deserve, a corporal reward. Too bad that didn't happen here. In its absence, I concur in judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the appellant be discharged. Appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J.: Concurs in Judgment Opinion.
Harsha, J.: Concurs in Judgment Only with Opinion.